IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELISSA BROWN | : | |
|    Plaintiff | | Civil Action |
| | : | |
| v. | | No. 06-2034 |
| | : | |
| | | Jury Trial Demanded |
| NUTRITION MANAGEMENT | : | |
|    SERVICES CO. | | |
|    and | : | |
| NEW COURTLAND ELDER SERVICES | | |
|    and | : | |
| SCOTT MURRAY | | |
|    AND | : | |
| KAREN ZYWALEWSKI | | |
|    Defendants | : | |

**COMPLAINT**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 2617(a), and pursuant to 42 U.S.C. § 2000e-5(f), this being an action under Title VII of the Civil Rights Act of 1964, and an action under the Family and Medical Leave Act (hereinafter, FMLA), 29 U.S.C. §§ 2601 et seq., and pursuant to 28 U.S.C. § 1367(a), this being an action under the Pennsylvania Human Relations Act, Pa. Stat. Ann. tit. 43, § 951 et seq.

2. Plaintiff is Melissa Brown, a female individual who resides in Philadelphia, Pennsylvania.

3. Defendant Nutrition Management Services Co. (hereinafter, Nutrition Management) is a Pennsylvania corporation conducting business in Kimberton, Pennsylvania.

4. Defendant New Courtland Elder Services (hereinafter, New Courtland) is a non-profit corporation conducting business in Philadelphia, Pennsylvania.

5. At all times relevant hereto, Defendant Nutrition Management employed more than 50 people.

6. At all times relevant hereto Defendant New Courtland employed more than 50 people.

7. Defendant Scott Murray is an individual who was, at all times relevant hereto, the Director of Human Resources of Defendant Nutrition Management.

8. Defendant Karen Zywalewski is an individual who was, at all times relevant hereto, the District Manager of Defendant Nutrition Management.

9. In November, 2002, Plaintiff became employed by Ifida, the then owner of Plymouth House, a nursing home in Plymouth Meeting, Pennsylvania, as Dietary Director.

10. During her employment with Ifida, Plaintiff had at all times well and properly performed the duties and responsibilities of her position of Dietary Director.

11. In June, 2004, Defendant New Courtland became the owner of Plymouth House and became Plaintiff's employer.

12. In August, 2004, Defendant New Courtland contracted with Defendant Nutrition Management to manage some aspects of Plymouth House, including Plaintiff's department.

13. From and after August, 2004, Plaintiff continued to report to the administrator of Plymouth House, an employee of Defendant New Courtland.

14. Each Defendant is an employer as defined in 42 U.S.C. § 2000e(b), and in Pa. Stat. Ann. tit. 43, § 954(b).

15. No aspects of Plaintiff's employment or responsibilities changed as a result of the involvement of either Defendant in Plymouth House.

16. In 2004, Plaintiff became pregnant; she expected to deliver in November, 2004.

17. In October, 2004, Plaintiff asked Defendant Nutrition Management how much leave

time she had accrued, so she could plan her absence for her delivery.

18. In response to her question, Defendant Nutrition Management scheduled a meeting with Defendants Murray and Zywalewski for October 19, 2004.

19. By October 19, 2004, Defendants were aware that Plaintiff was pregnant.

20. At the meeting on October 19, 2004, Defendant Murray informed Plaintiff that her employment was terminated as of that day, and he told Plaintiff, "Your termination is best for you."

21. Plaintiff believes that Defendants Scott and Zywalewski made the decision to terminate her employment.

22. By terminating Plaintiff's employment, Defendants Scott and Zywalewski were acting directly in the interests of Defendants Nutrition Management and New Courtland.

23. Plaintiff believes that Defendant New Courtland was aware of and agreed to the termination of her employment.

24. As of October 19, 2004 and prior thereto, Plaintiff had at all times well and properly performed the duties and responsibilities of her position of Dietary Director.

25. On May 25, 2005, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, which was jointly filed with the Pennsylvania Human Relations Commission. The Charge was separated as to each Defendant.

26. The Pennsylvania Human Relations Commission deferred to the Equal Employment Opportunity Commission, allowing the Equal Employment Opportunity Commission to process Plaintiff's case.

27. On March 1, 2006, the Equal Employment Opportunity Commission issued Right to Sue Letters to Plaintiff on the Charges as to each Defendant because more than 180 days had passed since the Charges were filed.

## COUNT I
## Title VII - Sex Discrimination - Pregnancy

28. The allegations contained in Paragraphs 1 through 27 of this Complaint are incorporated herein and re-alleged as if fully set out.

29. Plaintiff's termination was sex discrimination in that it was because of her sex and her pregnancy, in violation of 42 U.S.C. § 2000e-2(a).

30. Defendants' termination of Plaintiff because of her pregnancy and her sex was willful, malicious and in reckless disregard of Plaintiff's rights.

31. As a result of Defendants' termination of Plaintiff as aforesaid, Plaintiff has lost salary and benefits, and has suffered anxiety, embarrassment, humiliation and distress.

WHEREFORE, Plaintiff prays for judgment against Defendants Nutrition Management and New Courtland, ordering that Plaintiff be reinstated to the position of Dietary Director, and for judgment for back pay, front pay, compensatory and punitive damages, and for an award of Plaintiff's counsel fee and the costs of this case.

## COUNT II
## FMLA

32. The allegations contained in Paragraphs 1 through 31 of this Complaint are incorporated herein and re-alleged as if fully set out.

33. At all times relevant hereto, Plaintiff was an "eligible employee" within the meaning of the FMLA.

34. At all times relevant hereto, each Defendant was an "employer" and a "successor employer" within the meaning of FMLA.

35. Plaintiff was entitled to leave under the FMLA for the birth of her child and to care for her newborn.

36. By terminating the employment of Plaintiff as aforesaid, Defendants unlawfully interfered with, restrained and denied her the exercise and attempt to exercise her rights under the FMLA.

37. The actions of Defendants as aforesaid were not taken in good faith.

WHEREFORE, Plaintiff prays for judgment against all Defendants in the amount of her lost wages and benefits, for an equal amount as liquidated damages, for an appropriate amount as front pay, for interest on the amounts awarded, and for an Order reinstating her as Diet Director, and for an award of her counsel fees and costs.

## COUNT III
### Pennsylvania Human Relations Act - Sex Discrimination - Pregnancy

38. The allegations contained in Paragraphs 1 through 37 of this Complaint are incorporated herein and re-alleged as if fully set out.

39. The termination of Plaintiff's employment by Defendants as aforesaid was discrimination against Plaintiff on the basis of her sex and her pregnancy, in violation of Pa. Stat. Ann. tit. 43, § 955(a).

WHEREFORE, Plaintiff prays for judgment against all Defendants, ordering that Plaintiff be reinstated to the position of Dietary Director, and for judgment for back pay, front pay and compensatory damages, and for an award of Plaintiff's counsel fee and the costs of this case.

    s/ Elliot B. Platt
ELLIOT B. PLATT
Attorney for Plaintiff

I.D. No. 13309
Suite 1000
1515 Market Street
Philadelphia, PA 19102
215-564-5551