IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MELISSA BROWN** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **NUTRITION MANAGEMENT** | : | |
| **SERVICES CO.,** | : | |
| **SCOTT MURRAY and** | : | |
| **KAREN ZYWALEWSKI** | : | **NO. 06-2034** |

**MEMORANDUM AND ORDER**

**NORMA L. SHAPIRO, J.**                                                                                      **January 21st 2009**

Melissa Brown filed this action against Nutrition Management Services Co. ("Nutrition Management"), New Courtland Elder Services ("New Courtland"), Scott Murray and Karen Zywalewski for sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) ("Title VII"), sex discrimination under the Pennsylvania Human Relations Act, Pa. Stat. Ann. tit. 43, §§ 951 *et seq*. ("PHRA"), and unlawful interference with her rights under the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq*. ("FMLA"). A jury awarded Brown $74,000 in back pay as damages under the FMLA and found no liability under Title VII; the PHRA claim was dismissed before trial. The court entered judgment accordingly. Brown filed a timely post-trial motion under Federal Rule of Civil Procedure 59 (e) to amend the judgment to include an award of $6,655.82 in pre-judgment interest on the award of back pay, $80,655.82 in liquidated damages and $115,826.40 in front pay. Brown's motion will be granted in part and denied in part.

1

**I.     BACKGROUND**

In November 2002, Brown was hired as the food service director of Plymouth House, a nursing home in Plymouth Meeting, Pennsylvania. In August 2004, New Courtland, the owner of Plymouth House, contracted with Nutrition Management to manage certain aspects of the food service. Nutrition Management hired Brown, who continued to serve as food service director at Plymouth House. In October 2004, Brown was terminated after informing Nutrition Management that she was pregnant. Brown, claiming her termination unlawfully interfered with her right to take leave under the FMLA, filed suit against Nutrition Management, two of its senior employees and New Courtland. A jury found Brown was eligible for leave under the FMLA and that Nutrition Management had interfered with her rights under the FMLA; Zywalewski and Murray were found not liable.

**II.    DISCUSSION**

A court may grant a motion to amend the judgment under Federal Rule of Civil Procedure 59 (e) if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Johnson v. Diamond State Port Corp., 50 Fed. Appx. 554, 560 (3d Cir. 2002). Brown claims she is entitled to additional awards for pre-judgment interest, liquidated damages and front pay as a matter of law.

    **A.     Pre-Judgment Interest**

Brown claims she is entitled to an award of pre-judgment interest under the FMLA. Nutrition Management argues that Brown has requested both liquidated damages and pre-

judgment interest, and that she is entitled only to one or the other.

The FMLA provides that any employer who violates the FMLA shall be liable to the employee for damages equal to the amount of: (i) "any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation;" (ii) "the interest on the amount described in clause (i) calculated at the prevailing rate;" and (iii) "an additional amount as liquidated damages equal to the sum of the amount described in clause (i) and the interest described in clause (ii)." 29 U.S.C. § 2617 (a). The plain language of the FMLA entitles a prevailing party to both pre-judgment interest and liquidated damages. While the Third Circuit Court of Appeals has not considered the matter, other courts of appeals have held that the FMLA entitles the prevailing party to both pre-judgment interest and liquidated damages. In Taylor v. Invacare Corp., 64 Fed. Appx. 516, 524 (6th Cir. 2003), the court, affirming the judgment of the district court awarding back pay, pre-judgment interest and liquidated damages, stated, "The FMLA provides for liquidated damages equal to back pay and interest." Id. at 521.

Nutrition Management cites Martin v. Cooper Electric Supply Co., 940 F.2d 896 (3d Cir. 1991), in support of its argument that a prevailing party under the FMLA cannot recover both pre-judgment interest and liquidated damages. In Martin, the Third Circuit Court of Appeals held that the plaintiff could not recover pre-judgment interest and liquidated damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq*. The remedial provision of the FLSA provides for recovery of liquidated damages, but not pre-judgment interest. See 29 U.S.C. § 216(b). Martin does not apply to the liquidated damages provision of the FMLA. Brown is entitled to pre-judgment interest under the FMLA. It would be a clear error of law for the court not to amend the judgment to include such interest.

Brown requests an award of interest in the amount of $6,655.82, an amount determined by applying the federal post-judgment rates under 28 U.S.C. § 1961. "In federal question cases, the rate of prejudgment interest is committed to the discretion of the district court." Sun Ship, Inc. v. Matson Navigation Co., 785 F.2d 59, 63 (3d Cir. 1986). The court may be guided by the rate set forth in 28 U.S.C. § 1961. Sun Ship, Inc., 785 F.2d at 63. Other courts within this circuit have generally followed this approach. Anderson v. CONRAIL, 2000 U.S. Dist. LEXIS 15978, *13 (E.D. Pa. Oct. 25, 2000) (Bartle, C.J.). The judgment will be amended to include an award of interest in the amount of $6,655.82.

**B.   Liquidated Damages**

The FMLA provides that a prevailing party is entitled to liquidated damages equal to the amount of damages awarded for lost compensation plus interest unless the defendant's "act or omission which violated [29 U.S.C. § 2615] was in good faith and [the defendant] had reasonable grounds for believing that the act or omission was not a violation . . .." 29 U.S.C. § 2617(a)(1)(A)(iii). The FMLA does not define "good faith" and the Third Circuit Court of Appeals has not considered the matter yet. Congress intended many of the FMLA's remedial provisions to mirror those in the FLSA. See Frizzell v. Southwest Motor Freight, 154 F.3d 641, 644 (6th Cir.1998) ("[T]he legislative history of the FMLA reveals that Congress intended the remedial provisions of the FMLA to mirror those in the FLSA . . .."). "Both the FMLA and the FLSA provide that an employer 'shall' be liable for damages and liquidated damages and that the district court 'may' reduce the amount of liquidated damages if good faith is established. *See* 29 U.S.C. § 216(b) (providing damages under FLSA); *id.* at § 260 (providing good faith defense to [an award of] liquidated damages under FLSA); *id.* at § 2617(a) (FMLA)." Arban v. West

4

Publ'g Corp., 345 F.3d 390, 407-408 (6th Cir. 2003). We are guided by the Third Circuit Court of Appeals' interpretation of the analogous provision of the FLSA.

Reasonable good faith requires a defendant to take affirmative steps to ascertain the requirements of the law. Martin, 940 F.2d at 908-909 (reversing district court's denial of liquidated damages under the FLSA). "A defendant employer's burden of proof is a difficult one to meet. Double damages are the norm, single damages the exception." Id. at 908 (internal citations omitted).

Nutrition Management has not met its burden of proving Brown's termination was a good faith violation of the FMLA. At trial, witnesses involved in Brown's termination offered conflicting testimony. Joseph Roberts, chief executive officer of Nutrition Management, testified that: (1) Brown was "laid off," but not fired; (2) Brown was terminated because Plymouth House's management "asked to have her removed from the facility;" and (3) he did not make the decision to fire Brown. Trial Transcript, 8/18/08, pp. 96, 116 (paper no. 185). Richard Blagrave, senior vice president of operations and chief operating officer of Nutrition Management, testified that: (1) Mr. Roberts made the decision to terminate Brown; and (2) when he asked Mr. Roberts whether the reasons for her termination should be documented, Mr. Roberts said "he wanted the fat bitch out of there." Trial Transcript, 8/20/08, p. 14-15 (paper no. 186). Karen Zywalewski, a district manager at Nutrition Management, testified that she and Mr. Blagrave collectively made the decision to terminate Brown. Trial Transcript, 8/15/08, pp. 121-26 (paper no. 184). The testimony regarding Nutrition Management's decision and justification for terminating Brown is neither credible nor indicative of a good faith attempt to comply with the requirements of the FMLA.

Nutrition Management argues it had a reasonable belief that Brown's termination would not violate the law because it believed Brown's probationary status rendered her ineligible for FMLA benefits. Nutrition Management's alleged good faith belief would only be reasonable if it took affirmative steps to determine the legal effect of Brown's probationary status; it did not.

Under the FMLA, an employee is eligible for leave if she has been employed for 12 months and for at least 1,250 hours of service during the previous 12-month period. 29 U.S.C. § 2611 (2)(A)(ii). The FMLA applies to any successor in interest of an employer otherwise covered by the statute. 29 U.S.C. § 2611 (4)(A)(ii)(II). The FMLA's implementing regulations identify eight factors that determine whether an employer is considered a successor in interest under the FMLA. 29 C.F.R. 825.107.

Scott Murray, an attorney with general knowledge about employment law and Nutrition Management's director of human resources, testified at trial that he determined it was "okay" to terminate Brown because she was a "brand new employee." Trial Transcript, 8/15/2008, p. 24-25, 28 (Paper no. 184). Nutrition Management's reliance on Mr. Murray's cursory determination was inadequate to ascertain whether Brown's prior employer was covered by the FMLA and, if so, whether Nutrition Management was a successor in interest. Nutrition Management presented no evidence that it researched or had an attorney research the requirements of the FMLA, or was otherwise aware of the factors governing whether the FMLA would apply to Brown's request for leave. Nutrition Management, having made no legal inquiry into the requirements of the FMLA, had no reasonable ground to believe Brown's termination was not a violation. Brown is entitled to liquidated damages equal to the award of back pay plus pre-judgment interest.

It would be a clear error of law for the court not to amend the judgment to include

6

liquidated damages. The judgment will be amended to include an award of liquidated damages in the amount of $80,655.82: the sum of $74,000 in back pay and pre-judgment interest of $6,655.82.

### C. Front Pay Damages

Under the FMLA, a prevailing party is entitled to equitable remedies, including reinstatement and award of front pay, as the court deems appropriate. See 29 U.S.C. § 2617 (a)(1)(B) ("Any employer who violates section 29 U.S.C. § 2615 shall be liable to any eligible employee affected" "for such equitable relief as may be appropriate, including employment, reinstatement, and promotion."). The decision of which equitable remedy to impose, if any, is within the discretion of the district court. See, e.g., Maxfield v. Sinclair Int'l, 766 F.2d 788, 796 (3d Cir. 1985) (discussing equitable remedies under Title VII). If reinstatement is not feasible, "the amount of damages available as front pay is a jury question." Id.

Brown concedes that reinstatement is not a viable remedy. If the court were to grant equitable relief in the form of front pay as an alternative remedy, the court would be bound by the amount of front pay awarded by the jury. The jury awarded Brown no front pay. Brown argues that the jury's response to the interrogatory regarding front pay was ambiguous. Jury Interrogatory Number 8 asked:

> If you answered "yes" to any of Questions 2, 4, 6, in what amount, if any, has plaintiff, Melissa Brown, proved by a preponderance of the evidence damages for future lost wages or financial benefits as a result of her termination?

The jury's written response states, "OMIT per Judge's instructions."

The court instructed the jury that: (1) damages should only be awarded if the jury found Brown was entitled to them; (2) front pay could be awarded to compensate Brown for future loss

of income caused by Nutrition Management's conduct; and (3) the jury should not reduce any award of front pay to reflect its present value because, by agreement of the parties, the court would do so.[1]  Trial Transcript, 8/21/2008, p. 24-27, 31-32 (paper no. 180).  We believe the jury

---

[1] The jury's response most likely refers to these instructions:

I have to instruct you on damages in case you decide to find them; it doesn't mean I think that you should award them, but I want to tell you about them because, if you find Nutrition Management or the individuals interfered with Melissa's rights under the Family Medical Leave Act or discriminated against her under Title VII, you have to determine the amount of certain categories of damages.

* * *

[F]ront pay is the amount, if any, that she would continue to lose because of the conduct of the defendant.

* * *

Now, you've heard that the position she now has pays less and, so, I will allow you to consider the issue of what we call front pay.  Now, generally – if you will listen to me, I'll go over them with you in a minute – generally, front pay is earned over a period of years. So, under the law, the amount of front pay is what we call reduced to present value.  However, the lawyers have just agreed that you shouldn't do [that] because, if you award front pay, I'll do it. It's a very complicated formula that we don't want to ask you to try and understand.  So, I don't want you to reduce the amount because she'll get it in a lump sum now and now over future years, and you take into account how much you estimate the loss would be over what you estimate is her working life.

* * *

In determining the amount of damages, I can't give you a formula.  The lost wages up to today are relatively easy to figure out, the front pay is harder because there are uncertainties or contingencies, but there's a method of doing it.

* * *

Now, I've gone into damages at great length. Once again I want to repeat, that's only in case you decide that you want to award them so you would do it properly, it by no means suggests that I think that you ought to and I want to be sure that you understand that.  I now would like to briefly review the interrogatories with you and then, after checking with counsel, I'll excuse you to your lunch and your deliberations.

* * *

chose to "omit" an amount of monetary damages for front pay from its response to Interrogatory Number 8 because it found that Brown was not entitled to them. The judgment will not be amended to include an award of front pay damages.

## III.  CONCLUSION

Plaintiff is entitled to award of $6,655.82 in pre-judgment interest and $80,655.82 in liquidated damages. Plaintiff is not entitled to front pay. Plaintiff's motion to amend the judgment will be granted in part and denied in part. An appropriate order follows.

---

If you answer yes to either 2, 4 or 6, then you're asked to determine the amount of damages Melissa Brown proved for lost wages or financial benefits from her termination until today caused as a result of her termination, and then you are asked the same question as to future lost wages or financial benefits.

Trial Transcript, 8/21/2008, p. 24-27, 31-32 (paper no. 180).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MELISSA BROWN** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **NUTRITION MANAGEMENT** | : | |
| **SERVICES CO.,** | : | |
| **SCOTT MURRAY and** | : | |
| **KAREN ZYWALEWSKI** | : | **NO.  06-2034** |

## ORDER

AND NOW, this 21st day of January, 2009, upon consideration of plaintiff's Motion to Amend Judgment to Include Interest, Liquidated Damages and Front Pay (paper no. 172) and defendant Nutrition Management Services Co.'s ("Nutrition Management") opposition thereto, following a hearing on December 24, 2008 at which counsel for all parties were present and heard, it is **ORDERED** that:

1. Plaintiff's motion (paper no. 172) is **GRANTED IN PART AND DENIED IN PART** for the reasons stated in the attached memorandum;

2. The judgment will be amended to award plaintiff $6,655.82 in interest and $80,655.82 in liquidated damages.

3. The judgment will not be amended to award plaintiff front pay.

/s/ Norma L. Shapiro
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MELISSA BROWN** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **NUTRITION MANAGEMENT** | : | |
| **SERVICES CO.,** | : | |
| **SCOTT MURRAY and** | : | |
| **KAREN ZYWALEWSKI** | : | NO. 06-2034 |

### ORDER

AND NOW, this 21st day of January, 2009, in accordance with the court's Order of this date granting plaintiff's motion to amend the judgment (paper no. 172), it is **ORDERED** that:

1. The court's Order of 8/22/2008 (paper no. 163) is **VACATED**.

2. **CIVIL JUDGMENT** is entered in favor of plaintiff Melissa Brown and against defendant Nutrition Management Services Company in the amount of One Hundred Sixty-One Thousand Three Hundred Eleven Dollars and Sixty-Four Cents ($161,311.64).

3. Judgment is entered in favor of defendant Scott Murray and against plaintiff Melissa Brown.

4. Judgment is entered in favor of defendant Karen Zywalewski and against plaintiff Melissa Brown.

    /s/ Norma L. Shapiro
                    J.