## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MELISSA BROWN** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **NUTRITION MANAGEMENT** | : | |
| **SERVICES CO.,** | : | |
| **SCOTT MURRAY and** | : | |
| **KAREN ZYWALEWSKI** | : | **NO.  06-2034** |

### MEMORANDUM AND ORDER

**NORMA L. SHAPIRO, J.**                                      **January 26, 2009**

Melissa Brown filed this action against Nutrition Management Services Co. ("Nutrition Management"), New Courtland Elder Services ("New Courtland"), Scott Murray and Karen Zywalewski for sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) ("Title VII"), sex discrimination under the Pennsylvania Human Relations Act, Pa. Stat. Ann. tit. 43, §§ 951 *et seq*. ("PHRA"), and unlawful interference with her rights under the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq*. ("FMLA").  Plaintiff obtained a favorable jury verdict against Nutrition Management on her FMLA claim; she did not prevail on any other claim or against any other defendant.  The court entered judgment accordingly.

Elliot Platt, counsel for plaintiff, filed a timely post-trial motion under Federal Rule of Civil Procedure 54(d) for an award of attorney's fees and costs.  Platt filed two supplemental declarations requesting additional attorney's fees and costs; the motion now requests $184,480 in attorney's fees and $11,639.81 in costs.  Plaintiff's motion will be granted in part.

1

I.      BACKGROUND

Plaintiff was employed by Nutrition Management as the food service director of

Plymouth House, a nursing home in Plymouth Meeting, Pennsylvania.  In August 2004, plaintiff

informed Nutrition Management that she was pregnant.  In October 2004, Scott Murray and

Karen Zywalewski, senior employees at Nutrition Management, informed plaintiff that she had

been terminated.   Plaintiff filed this action on grounds that her termination was unlawful.

Defendants moved to dismiss the complaint.  The motion was granted in part; the court found

that plaintiff had failed to exhaust administrative remedies under the PHRA.  The PHRA claims

were dismissed with prejudice while the FMLA and Title VII claims were allowed to proceed.

Order, Nov. 21, 2006 (paper no. 21).  Before trial, plaintiff settled her claims against New

Courtland, the owner of Plymouth House.[1]  The court dismissed the complaint against New

Courtland with prejudice.  Order, Oct. 22, 2007 (paper no. 96).  The case was tried before a jury,

however, the court, *sua sponte*, ordered a new trial due to jury confusion.[2]  Nutrition

---

[1]  New Courtland had contracted with Nutrition Management for plaintiff's services.

[2]  The jury found that: (1) Brown was eligible to receive benefits from Nutrition
Management under the FMLA; (2) Nutrition Management violated the FMLA; (3) Scott Murray
did not violate the FMLA; (4) Karen Zywalewski violated the FMLA; and (5) Nutrition
Management did not violate Title VII.  The jury awarded Brown: (1) no damages for back pay or
front pay; (2) compensatory damages of $50,000 for past and future pain, suffering or emotional
distress; and (3) punitive damages against Nutrition Management for malicious or reckless
conduct.  Interrogatories to the Jury, Jan. 28, 2008 (paper no. 125).
        The court could not enter judgment in accordance with the jury's verdict because the
liability findings were inconsistent with the damage award.  The jury found that certain
defendants had violated the FMLA, but it awarded a form of damages available under Title VII.
The court, finding that the FMLA did not provide for the damages awarded by the jury, entered
judgment in favor of Brown and against Nutrition Management and Karen Zywalewski in the
amount of one dollar.  Judgment Order, Feb. 5, 2008 (paper no. 129).  Pursuant to Federal Rule
of Civil Procedure 59(d), the court ordered a new trial because: "(1) manifest injustice would
result if the verdict were allowed to stand; (2) there was apparent jury confusion; (3) the jury

2

Management does not object to plaintiff's inclusion of hours expended on the first trial in her request for attorney's fees.

Following a seven-day trial, a jury found Nutrition Management had violated the FMLA and awarded plaintiff $74,000 in damages for back pay. The jury found no liability for Scott Murray or Karen Zywalewski under the FMLA and no liability for Nutrition Management under Title VII. Interrogatories to the Jury, Aug. 22, 2008 (paper no. 164). The court entered judgment accordingly. Civil Judgment, Aug. 22, 2008 (paper no. 163). Plaintiff filed a timely post-trial motion to amend the judgment to include an award of: (1) $6,655.82 in pre-judgment interest on the award of back pay; (2) $80,655.82 in liquidated damages; and (3) $115,826.40 in front pay. The court, granting the motion in part, amended the judgment to award interest and liquidated damages, but denied plaintiff's request for front pay. Plaintiff's total award was $161,331.64.

## II.   DISCUSSION

The FMLA entitles a prevailing party to "a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant." 29 U.S.C. § 2617(a)(3). The award of reasonable attorney's fees is within the discretion of the district court. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The district court retains a great deal of discretion in determining the award. Bell v. United Princeton Properties, Inc., 884 F.2d 713, 721 (3d Cir. 1989). The court may exclude hours not reasonably expended by counsel, such as hours that are excessive, redundant, or otherwise unnecessary. See Hensley, 461 U.S. at 434; Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). If only partial success has been achieved, the fee request should be reduced for claims or issues on which the party did not prevail. See

form was flawed; and (4) the verdict was inconsistent." Order, Feb. 5, 2008 (paper no. 130).

3

Hensley, 461 U.S. at 436. This may be true even if the claims are interrelated and non-frivolous. See Rode, 892 F.2d at 1183.

In determining a reasonable fee, the calculation begins with the "lodestar:" the reasonable hourly rate multiplied by the number of hours reasonably expended. See Hensley, 461 U.S. at 433. The petitioner must submit verified itemization of the hours worked at the rates claimed. Id. at 433. The defendant, if opposing the fee award, has the burden of challenging the reasonableness of the requested fee. See Rode, 892 F.2d at 1183.

A.    **Reasonable Hourly Rate**

Hourly rates must be "in line with those prevailing in the community for similar service by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 896 n. 11 (1984). See also Smith v. Philadelphia Hous. Auth., 107 F.3d 223, 225 (3d Cir. 1997). The prevailing market rate is usually deemed reasonable. See Public Interest Research Group v. Windall, 51 F.3d 1179, 1185 (3d Cir. 1995). A reasonable rate is one that will attract adequate counsel but will not produce a windfall to the attorneys. Id.

The Third Circuit Court of Appeals has cited with approval the fee schedule established by Community Legal Services, Inc. ("CLS"). Maldonado v. Houstoun, 256 F.3d 181, 187-88 (3d Cir. 2001). The CLS fee schedule is well developed and a fair reflection of the prevailing market rates in Philadelphia. Id. The *CLS Attorney's Fees - Schedule of Hourly Rates*, effective April 1, 2006, is based on the *Survey of Law Firm Economics, 2005 Edition, Metropolitan Area Report for Philadelphia, PA-NJ*, conducted by Altman Weil, Inc. See Pl. Motion for Attorney Fees and Costs, Ex. A (paper no. 173). The schedule provides a range of hourly rates of $325 - $410 for attorneys with more than 25 years of experience. Id.

4

Elliot Platt, counsel for plaintiff, requests an hourly billing rate of $400.  Platt has submitted sworn declarations stating that: (1) he has practiced law for more than 40 years; (2) he has a strong professional reputation in the legal community; and (3) an hourly billing rate of $400 is reasonable for an attorney of his degree of experience and ability.  Nutrition Management "does not contest . . . that the hourly rate of Plaintiff's counsel is properly set at $400.00 per hour for purposes of establishing the lodestar amount upon which the request for fees is based . . .." Def. Resp. to Pl. Motion for Allowance of Attorney's Fees and Costs, p. 3 (paper no. 191). Platt's hourly rate of $400 is reasonable and customary for a lawyer of his skill, reputation and experience.

**B.      Hours Reasonably Expended**

Excessive, redundant, or otherwise unnecessary hours should be excluded from the fees awarded.  Hensley, 461 U.S. at 434.  Where a plaintiff does not prevail on a claim which is distinct from her successful claim, the hours spent on the unsuccessful claim should not be included in the lodestar calculation.  Id. at 434.  However, "[i]n cases in which the plaintiff's successful and unsuccessful claims involve a common core of facts or related legal theories, or where much of counsel's time is dedicated to the litigation as a whole, it is often impossible to divide counsel's time on a precise claim-by-claim basis."  Northeast Women's Center v. McMonagle, 889 F.2d 466, 476 (3d Cir. 1989).  In such cases, the "lawsuit cannot be viewed as a series of discrete claims.  Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Hensley, 461 U.S. at 435.

Plaintiff prevailed on her FMLA claim against Nutrition Management; she did not prevail

5

on claims under Title VII or the PHRA, or on claims against New Courtland, Scott Murray or Karen Zywalewski under the FMLA.  Platt excluded from his fee request "17 hours that were expended solely in an effort to establish the liability of New Courtland Elder Services, for the Motion for Sanctions that was denied, for Plaintiff's Motion in Limine, which was withdrawn, [and] for research on the issue of punitive damages, which the jury did not award."  Pl. Br. in Support of Pl. Motion for Allowance of Attorney's Fee and Costs, p. 4 (paper no. 173).  Platt also excluded 3.3 hours expended before the Equal Employment Opportunity Commission.  Id. Platt amended the fee petition to exclude "inadvertently included time of 0.7 hours on August 12, 2008 for research regarding punitive damages."  Suppl. Decl. of Elliot B. Platt Regarding Pl.'s Motion for Allowance of Counsel Fees and Costs, p. 1 (paper no. 193).  Platt claims a total of 461.2 hours were reasonably expended in pursuit of plaintiff's successful claim.  Sec. Suppl. Decl. of Elliot B. Platt Regarding Pl.'s Motion for Allowance of Counsel Fees and Costs, p. 1 (paper no. 196).

Plaintiff argues that "the discovery and evidence necessary to establish FMLA liability were the same for both FMLA and Title VII."  Br. in Support of Pl. Motion for Allowance of Attorney's Fee and Costs, p. 4 (paper no. 173).  The court agrees; Platt will not be required to identify time expended solely on the Title VII claim beyond the deductions already made.

The court will exercise its discretion to exclude hours from the lodestar calculation which were not reasonably expended in pursuit of plaintiff's successful claim.  Platt did not deduct time expended on plaintiff's unsuccessful PHRA claims which involved distinct issues of state law. Plaintiff submitted two legal memoranda in support of her PHRA claims.  See Pl. Mem. of Law in Opposition to Def. Motion to Dismiss, p. 2-3 (paper no. 10); Pl. Mem. in Opposition to Def.

Motion for Leave to File Reply Brief, p. 2-3 (paper no. 15).  Platt included a request for 4.4 hours for work expended on these memoranda.  Pl. Motion for Attorney Fees and Costs, Ex. 1, pp. 1-2 (paper no. 173).  The court estimates that counsel expended half of those hours in pursuit of plaintiff's unsuccessful PHRA claims;[3] 2.2 hours will be subtracted from the lodestar calculation.

Platt did not deduct time expended on plaintiff's opposition to defendants' former counsel's motion to withdraw as counsel.  The motion to withdraw was granted.  Order, Nov. 21, 2007 (paper no. 107).  Work expended by Platt opposing this motion was unsuccessful and unnecessary.  Platt included a request for 5.6 hours for work expended on this issue.  Pl. Motion for Attorney Fees and Costs, Ex. 1, p. 20 (paper no. 173).  Those hours will be subtracted from the lodestar.

Nutrition Management argues that additional hours should be subtracted from the lodestar calculation because certain billing entries lack sufficient specificity to support the hours worked; it contests entries bearing the following task descriptions: (1) "Legal Research;" (2) "Correspondence;" (3) "Research and Draft Complaint;" (4) "Telephone Conference, [name of Judge or participant];" (5) "File Review;" and (6) "Trial Preparation."  Def. Resp. to Pl. Motion for Allowance of Attorney's Fees and Costs, p. 10-14 (paper no. 191).

"Attorneys seeking compensation must document the hours for which payment is sought with sufficient specificity."  Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031, 1037 (3d Cir.1996).  "[A] fee petition should include some fairly definite information as to the hours devoted to various general activities, *e.g.*, pretrial discovery, settlement negotiations, and the hours spent by various classes of attorneys, *e.g.*, senior partners, junior

---

[3]  Plaintiff's memoranda also addressed her FMLA claims.

partners, associates." Rode, 892 F.2d at 1190.  In Rode, the Third Circuit Court of Appeals held

that the following task descriptions "provided enough information as to what hours were devoted

to various activities and by whom for the district court to determine if the claimed fees are

reasonable:"

> 1.  Time of Laurence W. Dague, Esquire: Settlement: 12.9 hours; Application for Attorney's Fees: 4.1 hours; and miscellaneous research, telephone conversations, and conferences concerning facts, evidence, and witnesses: 1.3 hours. Total hours: 18.3.

> 2.  Time of Dianne E. Dusman, Esquire: Settlement: 1.8 hours; Trial Brief: 5.2 hours; and miscellaneous research, telephone conversations, and conferences concerning facts, evidence, and witnesses: .2 hours. Total hours: 7.2.

> 3.  Time of Carol L. Karl, law clerk/paralegal: Settlement: 1.9 hours; and miscellaneous research, telephone conversations, and conferences concerning facts, evidence, and witnesses: 1.8 hours. Total hours: 3.7.

> 4.  Time of Michael Fenten, law clerk: miscellaneous research, telephone conversations, and conferences concerning facts, evidence, and witnesses:.2 hours. Total hours: .2.

Rode, 892 F.2d at 1191 n.13.  It would have been helpful to the court had Platt submitted time

entries with greater specificity, but his itemization is sufficient under the law of this circuit.

Platt's lodestar of $181,380 for 453.4 hours of service is reasonable.[4]

## C.    Adjustment to the Lodestar

The lodestar calculation does not complete the fee inquiry. Other considerations may lead

the court to adjust the fee upward or downward.  See Hensley, 461 U.S. at 434.  "[C]ounsel fees

should only be awarded to the extent that the litigant was successful."  Washington v.

_____

[4]  The lodestar input of 453.4 hours reflects Platt's request of 461.2 hours, less 2.2 hours expended on plaintiff's PHRA claims and 5.6 hours expended in opposition to the motion to withdraw as counsel.

<u>Philadelphia County Court of Common Pleas</u>, 89 F.3d 1031, 1042 (3d Cir. 1996).  A court may consider the relief awarded as compared to that requested as a measure of plaintiff's success.  <u>Id.</u> This success, or lack thereof, may be taken into consideration when awarding fees, although the court will not attempt to fix a ratio between the fees and damages awarded.  <u>Id.</u>

Plaintiff obtained an award of $161,331.64; this recovery was not insubstantial. However, plaintiff did not prevail on two of the three counts asserted in the complaint or against three of the four defendants.  On her only successful claim, plaintiff recovered substantially less than she requested.  Plaintiff sought $115,826.40 in front pay under the FMLA; the jury awarded no front pay and the court denied her post-trial motion.  The court will adjust the lodestar downward by twenty percent because of plaintiff's partial lack of success on the merits.  Plaintiff is entitled to an award of $145,104 in attorney's fees.

**D.    Litigation-Related Costs and Expenses**

Plaintiff seeks an award of $11,639.81 for litigation expenses incurred by her counsel.  In her original motion, plaintiff failed to submit documentation to show that the requested expenses had actually been incurred.  Plaintiff submitted a supplemental declaration including proper documentation and Nutrition Management withdrew its objection.  The costs plaintiff seeks to tax against Nutrition Management were sufficiently documented, reasonably incurred and uncontested.  Plaintiff is entitled to an award of $11,639.81.

**III.   CONCLUSION**

Plaintiff is awarded $145,104 in attorney's fees and $11,639.81 in costs.  An appropriate order follows.

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| **MELISSA BROWN** | **:** | **CIVIL ACTION** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **NUTRITION MANAGEMENT** | **:** | |
| **SERVICES CO.,** | **:** | |
| **SCOTT MURRAY and** | **:** | |
| **KAREN ZYWALEWSKI** | **:** | **NO.  06-2034** |

**ORDER**

AND NOW, this 26th day of January, 2009, upon consideration of plaintiff's Motion for

Attorney Fees and Costs (paper no. 173) and defendant's response thereto, following a hearing

on December 24, 2008 at which counsel for all parties were present and heard, it is ORDERED

that:

1.   Plaintiff's motion (paper no. 173) is **GRANTED IN PART** and **DENIED IN PART** for the reasons stated in the attached memorandum.

2.   Plaintiff is awarded a total of $145,104 in attorney's fees and $11,639.81 in costs.


_____/s/ Norma L. Shapiro_____
                                              J.